SEYFARTH SHAW LLP
George H. Gerstman (*Pro Hac Vice*)
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
Euromarket Designs, Inc.
d/b/a Crate & Barrel

DONIGER LAW FIRM
Stephen M. Doniger (SBN 179314)
Scott A. Burroughs (SBN 235718)
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff
Patricia S. Kelley, d/b/a
PKelley Enterprises

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia S. Kelley, d/b/a<br>PKELLEY ENTERPRISES,<br>a California company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EUROMARKET DESIGNS, INC., d/b/a<br>CRATE & BARREL et al.<br><br>　　　　　Defendants. | CIV. S-07-00232 RRB EFB<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　Pursuant to the joint request of the parties and Rule 26(c) of the Federal Rules or Civil Procedure, the Court hereby enters the following Protective Order:

　　　　IT IS HEREBY ORDERED that if, pursuant to proceedings in this action, any party or third party witness produces information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written interrogatories, requests for admission, requests for production of documents, requests for

1

PDF created with pdfFactory trial version www.pdffactory.com

inspection, subpoena, or subpoena duces tecum, which any party or other person claims to constitute its trade secret or other confidential research, development, commercial, financial, or personal information, the following procedures shall be employed and the following restrictions shall govern:

1.  <u>Designation of "CONFIDENTIAL" Materials</u>.  Any party to or third party witness in this action (hereinafter the "designating party") shall have the right to designate as "CONFIDENTIAL" any information or thing it believes in good faith embodies confidential research, development, commercial, financial, or personnel information.

2.  <u>Restriction on Disclosure of Designated Materials</u>.  No information designated "CONFIDENTIAL" and no information derived therefrom shall be disclosed to any person or entity except as set forth in this Order. Except as provided in paragraph 5 below, however, this Order shall not apply to disclosures of designated materials to the Court or its staff in connection with the Court's administration and adjudication of this action. No person shall use any material designated "CONFIDENTIAL" or any information derived therefrom for any purpose other than to assist counsel of record in the preparation and trial of this action.  No copies of designated materials shall be made except by or on behalf of counsel of record for named parties.  All such copies shall be subject to the provisions of paragraph 14 hereof.

3.  <u>Marking of Designated Materials</u>.  A designation as to documents shall be made by placing a legend on each page of any document, or on the first page of any multi-page document, a designating party wishes to protect against unauthorized disclosure or use.  In the case or confidential materials designated in the "CONFIDENTIAL" category, the legend shall state:

CONFIDENTIAL

All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. The designation of any thing as to which inspection or sampling has been requested shall be made by placing a

2

PDF created with pdfFactory trial version www.pdffactory.com

1  "CONFIDENTIAL" legend in the form described above on the thing within which it is
2  stored.

3      4.    <u>Depositions</u>.  Portions of deposition transcripts may be designated either
4  (a) during the deposition, in which case the transcript of the designated testimony shall be
5  bound in a separate volume and marked "CONFIDENTIAL" by the reporter, as the
6  designating party may direct, or (b) by written notice to the reporter and to all counsel of
7  record, given within thirty (30) days after the reporter sends written notice to the
8  deponent or his counsel that the transcript is available for review, in which case all
9  counsel receiving such notice shall be responsible for marking the copies of the
10 designated transcript in their possession or under their control as directed by the
11 designating party. Pending the expiration of thirty (30) days after the deposition is
12 received by the deponent or his counsel or by any party or its counsel, all parties shall
13 treat the deposition transcript as if it has been designated as "CONFIDENTIAL". The
14 designating party shall have the right to have all persons, except the deponent and his
15 counsel, counsel of record for named parties, the court reporter, and such other persons as
16 are permitted under paragraphs 6 and 7 hereof, excluded from a deposition, or any
17 portion thereof, before the taking therein of testimony which the designating party
18 designates under this Order.

19     5.    <u>Filing Designated Materials</u>.  All documents and other matter filed with
20 the Court, including, inter alia transcripts of depositions, exhibits, physical evidence,
21 answers to interrogatories or requests for admission, briefs, and memoranda, which
22 comprise or contain designated material or information taken therefrom shall be filed or
23 lodged with and kept by the clerk of the Court in sealed envelopes or other appropriately
24 sealed containers on which shall be endorsed the caption of this action, an indication of
25 the nature of the contents of the sealed envelope or container, the identity of the party
26 filing the materials, the phrases "CONFIDENTIAL" and "SUBJECT TO PROTECTIVE
27 ORDER", and a statement substantially in the following form:
28

PDF created with pdfFactory trial version www.pdffactory.com

> This envelope (container) contains documents (things) subject to the Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed, or made public, except by written order of the Court.

6. <u>Access to "CONFIDENTIAL" Materials</u>.  Subject to paragraph 8, information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of outside counsel of record for each party in the United States, their partners (shareholders) and associates, their regularly employed office staffs, independent experts whom counsel of record have retained to provide such counsel advice and consultation in connection with the preparation and trial of this action, and employees of each corporate party who are assisting counsel with this litigation.

7. <u>Disclosure to Authors and Previous Recipients</u>.  The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein by the designating party.

8. <u>Procedure for Seeking Additional Disclosures</u>.  Prior to any disclosure of material designated "CONFIDENTIAL", other than as provided in paragraphs 6 and 7 above, counsel desiring to make such disclosure shall first provide fifteen (15) days prior written notice to counsel for the designating party of its intent to make such disclosure, stating therein the specific material to be disclosed and the name, address, and position of the person to whom such disclosure is to be made.  If within said fifteen (15) days the designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, no disclosure shall be made except by order of the Court.

9. <u>Undertakings of Persons Receiving Designated Materials</u>.  In no event shall any material designated "CONFIDENTIAL" be disclosed to any independent experts until that person has executed a written undertaking in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound thereby, or until that person has so acknowledged and agreed on the record of his

4

PDF created with pdfFactory trial version www.pdffactory.com

or her deposition. Counsel of record shall be responsible for maintaining a file of all such written undertakings executed by persons to whom counsel has disclosed material designated pursuant to this Order.

10. <u>Limitations Upon Scope of Order</u>. Nothing contained in this Order shall affect the right of any party, or third party, to disclose or use for any purpose the documents or information produced and designated by it as "CONFIDENTIAL". This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as a result of, discovery in this action. "CONFIDENTIAL" materials shall exclude any written communication which, on its face, indicates its authorized dissemination or publication by any party to a person not obligated to maintain the confidentiality of the communication. Except with respect to the disclosure of documents themselves, the restrictions set forth in this Order shall not apply to any information, including information contained in a document, which:

  a. At the time of the disclosure hereunder is available to the public; or

  b. After disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

  c. The receiving party can show (i) as a matter of written record was already known to the receiving party; (ii) as a matter of written record was independently developed by the receiving party; or (iii) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure, it being understood that this clause (iii) applies only to the extent that the receiving party may have the right to use or disclose said information under any agreement with the third party.

11. <u>Purpose of Order</u>. The designation by any party or third party witness of any document, thing, or information as "CONFIDENTIAL" pursuant to this Order is intended solely to facilitate the preparation and trial of this case. Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information of any other party or witness in contemplation of law.

CH1 11331139.1 / 25650-801500
PDF created with pdfFactory trial version www.pdffactory.com

12. <u>Procedure for Modification of Order/Objection to Designation</u>.  No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations. Any party objecting to the designation of any information as "CONFIDENTIAL" must give counsel for the designating party written notice of its reasons for the objection and attempt to resolve their differences. Failing resolution, the party objecting may seek an order changing or removing the designation.

13. <u>Return of Designated Materials</u>.  Upon final adjudication of the claims at issue herein, or upon such earlier order as the Court may enter pursuant to duly noticed motion and hearing, the Clerk of the Court shall return to each designating party all exhibits and deposition transcripts designated "CONFIDENTIAL" that have been filed with the Court by each party.

14. <u>Disposition of Designated Materials at End of Case</u>.  Within thirty (30) days of the final adjudication of the claims at issue herein, each party shall either (1) assemble and return all designated material, including all copies thereof, to the party or third party witness from whom the designated material was obtained, or (2) certify in writing that all such material has been destroyed.  The producing party shall acknowledge receipt of such material in writing.  Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of materials made part of the record or which have been filed under seal with the Court.  Such file copies must be maintained under the conditions of this Protective Order.

15. The entry of this Protective Order is without prejudice to moving for a two tiered Protective Order having a "CONFIDENTIAL ATTORNEYS ONLY" designation for extremely sensitive information such as financial information not specifically directed to the accused products, identification of outside vendors for other than the accused products, sales information for products other than the accused products, and customer names.

CH1 11331139.1 / 25650-801500

PDF created with pdfFactory trial version www.pdffactory.com

1  16. Counsel for each party shall take reasonable precautions to prevent the
2  unauthorized or inadvertent disclosure of any confidential material.
3
4  SIGNED this 1st day of November, 2007.
5
                                    /s/ Ralph R. Beistline
6                                   UNITED STATES DISTRICT COURT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

1  SO STIPULATED:
2                                              DONIGER LAW FIRM
3  Dated:_____        By:_____
4                                                     Stephen M. Doniger, Esq.
                                                       Scott A. Burroughs, Esq.
5
                                                   Attorneys for Plaintiff Patricia S. Kelley d/b/a
6                                                  PKelley Enterprises
7
8                                              SEYFARTH SHAW LLP
9
   Dated:_____        By:_____
10                                                   George H. Gerstman, Esq.
11                                                 Attorneys for Defendant Euromarket Designs,
                                                   Inc. d/b/a Crate & Barrel
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

CH1 11331139.1 / 25650-801500
PDF created with pdfFactory trial version www.pdffactory.com

SEYFARTH SHAW LLP
George H. Gerstman (*Pro Hac Vice*)
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
Euromarket Designs, Inc.
d/b/a Crate & Barrel


DONIGER LAW FIRM
Stephen M. Doniger (SBN 179314)
Scott A. Burroughs (SBN 235718)
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff
Patricia S. Kelley, d/b/a
PKelley Enterprises

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia s. Kelley, d/b/a PKELLEY ENTERPRISES, a California company,<br><br>  Plaintiff,<br><br>  v.<br><br>EUROMARKET DESIGNS, INC., d/b/a CRATE & BARREL et al.<br><br>  Defendants. | ) CIV. S-07-00232 RRB EFB<br>)<br>) **EXHIBIT A TO PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I, _____, being duly sworn, state that:

  1.   My address is _____.

  2.   My present employer is _____, and the address of my present employment is _____.

i

CH1 11331139.1 / 25650-801500

PDF created with pdfFactory trial version www.pdffactory.com

3. My present occupation or job description is _____.

4. I hereby acknowledge that I may receive information designated as "CONFIDENTIAL" in this Civil Action, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION dated _____,2007 (the PROTECTIVE ORDER).

5. I further certify that I have been given a copy of and have read the PROTECTIVE ORDER, that I am familiar with the terms of the PROTECTIVE ORDER, that I agree to comply with and to be bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

Dated: _____     By:_____

CH1 11331139.1 / 25650-801500

PDF created with pdfFactory trial version www.pdffactory.com