IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA S. KELLEY, dba PKELLEY ENTERPRISES, a California Company,<br><br>        Plaintiff,<br><br>    v.<br><br>EUROMARKIET DESIGNS, INC., dba CRATE & BARREL, INC., et al.,<br><br>        Defendants.<br>_____/ | No. Civ. S-07-0232 RRB EFB<br><br>**Memorandum of Opinion<br>        and Order** |

    Before the court is defendant Crate & Barrel Inc.'s ("Crate & Barrel") motion to enforce settlement.  Plaintiff Patricia Kelley ("Kelley") opposes the motion.  For the reasons stated below, the court DENIES the motion.[1]

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law

1

## I. BACKGROUND

On February 2, 2007, Kelley filed the instant action against Crate & Barrel alleging copyright infringement in violation of the 1976 Copyright Act of the United States, 17 U.S.C. § 101 et seq. Compl. Specifically, Kelley alleges that Crate & Barrel infringed on her exclusive ownership rights of graphic design patterns and related graphic materials by incorporating these patterns and materials into its products (e.g., gift wrap, ribbon and gift tags) without her permission. Compl. ¶¶ 22-42.

Shortly after commencement of the instant action, the parties initiated settlement negotiations. Def.'s Mtn. to Enforce Settlement at 2:1-2. On April 17, 2007, counsel for defendant, George Gertsman ("Gertsman") purportedly accepted Kelley's settlement demand of $32,500 based on her agreement to dismiss the action with prejudice and execute a release. Id. at 2:3-6. On April 18, 2007, Gertsman sent a confirming e-mail containing this information to plaintiff's counsel, Pamela Bertani ("Bertani"), copying Crate & Barrel's in-house counsel Harvey Silverstone ("Silverstone"). Id. at 2:7-12; Decl. of Gertsman, Exh. 1. Later that day, Bertani responded, copying

---

and evidence in support of their positions, ordinarily oral argument would not be required).

Kelley and Silverstone, by stating: "I write to confirm receipt of your voicemail and corresponding message below. We have a deal. I will prepare the settlement agreement and forward the agreement to you within the next few days. . . ." Id. at 2:13-18; Decl. of Gertsman, Exh. 2. Following this exchange, Bertani sent Gertsman another e-mail requesting that Crate & Barrel provide Kelley with the remaining inventory of the allegedly infringing materials instead of destroying them. Id. at 2:19-22; Decl. of Gertsman, Exh. 3. The e-mail specifically stated: "Please advise as to this matter, which will be addressed in the settlement agreement." Decl. of Gertsman, Exh. 3. On April 19, 2007, Gertsman responded to Bertani's request by advising her that Crate & Barrel did in fact possess inventory of the allegedly infringing materials and that Crate & Barrel preferred to either donate the materials or destroy them. Decl. of Gertsman, Exh. 4. Later that day, Bertani replied to Gertsman by requesting that Crate & Barrel provide Kelley with an estimate of the remaining inventory as well as verification of the gross and net sales information previously provided. Decl. of Gertsman, Exh. 5. The e-mail specifically stated: "In order to expedite settlement, I recommend that Crate & Barrel agree to provide our client with the remaining inventory, and I will draft a provision into the agreement confirming the veracity of the gross and net sales information you previously provided."

3

Id.  Gertsman responded by stating that Crate & Barrel preferred to destroy the remaining inventory and that it had already provided Kelley with accurate gross and net sales information. Decl. of Gertsman, Exh. 6.  On April 24, 2007, Bertani sent Gertsman an e-mail stating: "I write to confirm that we will prepare and forward the settlement agreement within the next few days.  Our client will agree to an inventory destruction in lieu of an inventory disgorgement provision."  Id. at 3:8-12. Bertani never prepared a written agreement memorializing the terms of the settlement.

On May 18, 2007, Silverstone (in-house counsel for Crate & Barrel) sent Bertani an e-mail inquiring into the status of the settlement negotiations and expressing his belief that the parties had already reached an agreement.  Decl. of Scott Burroughs ("Burroughs"), Exh. 6.  This e-mail, however, also acknowledged that other issues still existed, such as whether the allegedly infringing designs were used on other products, and whether the gross and net sales information provided by Crate & Barrel was accurate.  Id.  On May 25, 2007, Bertani sent Gertsman an e-mail advising him that she and her client had reviewed the "information" sent by Crate & Barrel, and although she did not have her client's authority to settle based on the initially discussed parameters, she remained open to discussing a reasonable settlement.  Decl. of Burroughs, Exh. 7.  On

4

May 29, 2007, Gertsman sent Bertani an e-mail stating that Crate & Barrel was willing to continue settlement negotiations, even though it believed that the parties had already reached an agreement. Decl. of Burroughs, Exh. 8. On August 16, 2007, Silverstone offered to settle the dispute for $45,000 and an apology letter to Kelley. Decl. of Burroughs, Exh. 11. Kelley did not accept this offer.

On November 9, 2007, Crate & Barrel filed the instant motion to enforce the alleged settlement agreement on the basis that the correspondence between the parties from April 17, 2007 to April 24, 2007 created an enforceable agreement.

## II.  DISCUSSION

**A.   Legal Standards**

**1. Enforcement of Settlements**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only *complete* settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (emphasis in original and citations omitted); In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994). To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994). Second, both parties must have either agreed to the terms of the

5

settlement or authorized their respective counsel to settle the dispute. Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977).[2]  "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Callie, 829 F.2d at 890 (emphasis in original).  Whether the parties *intended* only to be bound upon the execution of a written, signed agreement is a factual issue. Callie, 829 F.2d at 890-91. In addition to the intent of the parties to bind themselves, the formation of a settlement contract requires agreement on its *material terms*. Id. at 891 (emphasis in original).  Where conflicting evidence exists on this issue, summary enforcement is inappropriate. Id.

**2. Authority to Settle**

If an action was originally filed in federal court under federal question jurisdiction, such as this one, federal common law controls an attorney's actions concerning settlement. See Michaud v. Michaud, 932 F.2d 77, 80 (1st Cir. 1991) (applying federal law to determine extent of attorney's authority to bind client to settlement); Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989) ("where an action is based upon federal law,

---

[2] See also Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983) (where there has been no meeting of the parties' minds sufficient to form a complete settlement agreement, the court does not have the power to enforce an agreement).

the authority of an attorney to settle that action is a federal question" and federal law is applied).

Generally, an attorney has no authority to settle his or her client's case solely by virtue of his or her general power to handle the case. Garabedian v. Allstates Engineering Co., 811 F.2d 802, 803 (3d Cir. 1987). Instead, an attorney can only enter a binding compromise if the client has authorized him or her to do so. Id.; see Harrop, 550 F.2d at 1145 (a party's attorney may enter into a settlement agreement if he or she has the express permission of their client). However, under federal common law, there is a presumption that an attorney has authority to settle a matter for a client. Garabedian, 811 F.2d at 803. Because there is a presumption that an attorney who enters into a settlement agreement has the authority to do so, to show the attorney had no consent for settlement, a party must sustain a "heavy burden" to establish that the attorney acted without authority. In re Artha Management, Inc., 91 F.3d 326, 329 (2d Cir. 1996); Larson v. Heritage Square Assocs., 952 F.2d 1533, 1537 (8th Cir. 1992); Edwards v. Born, Inc., 792 F.2d 387, 389-90 (3d Cir. 1986). If the issue of authority hinges upon a factual issue and credibility determinations are involved, the court should conduct an evidentiary hearing. Garabedian, 811 F.2d at 803.

### 3. Evaluation of Settlements

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." <u>Jeff D. v. Andrus</u>, 899 F.2d 753, 759 (9th Cir. 1989); <u>see</u> <u>United Commercial Ins. Serv., Inc. v. Paymaster Corp.</u>, 962 F.2d 853, 856 (9th Cir. 1992) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.  This is true even though the underlying cause of action is federal.").

Under California law, a settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts.  <u>See</u> <u>Gorman v. Holte</u>, 164 Cal.App.3d 984, 988 (1985); <u>United Commercial</u>, 962 F.2d at 856. ("A settlement agreement is treated as any other contract for purposes of interpretation.").  In California, the intent of the parties determines the meaning of the contract.  <u>United Commercial</u>, 962 F.2d at 856.  "The relevant intent is 'objective'-that is, the intent manifested in the agreement and by surrounding conduct-rather than the subjective beliefs of the parties.  For this reason, the true intent of a party is irrelevant if it is unexpressed." <u>Id.</u> (citations omitted).  In other words, the parties' "outward manifestation or expression of assent is controlling." <u>Binder v. Aetna Life Ins. Co.</u>, 75

Cal. App. 4th 832, 851 (1999). If there is a manifest intention that a formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done." Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 315 (9th Cir. 1996). An agreement to make an agreement, without more, is not a binding contract. Id. "'Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties. In the absence of ambiguity this must be determined by a construction of the instrument taken as a whole.'" Id. "'Preliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting agreement.'" Id. A contract does not exist where the objective manifestations of intent demonstrate that the parties chose not to bind themselves until a subsequent agreement is made. Id. at 316.

**B.   Analysis**

In the instant motion, Kelley argues that the correspondence between the parties did not create an enforceable agreement because the parties never entered into a complete agreement regarding all the material terms, nor did she ever agree to the terms of the alleged agreement or authorize her counsel to settle the dispute without her express approval of

the final terms.³  In support of her position, Kelley submitted a declaration attesting that she never agreed to settle the case until all the final terms were reduced to writing, after Crate & Barrel provided an accurate sales and inventory accounting. Decl. of Kelley ¶¶ 3-5.⁴  Kelley further attests that the parties never entered into a complete agreement because she never approved of a final settlement amount, nor did the parties ever reach an agreement on all the material issues (e.g., compensation for future infringements, including attorney's fees for such infringements).  Id. ¶¶ 7-9.  Finally, Kelley attests that the parties never entered into a complete agreement because Crate & Barrel did not cease selling products containing the allegedly infringing designs as it had promised to do by December 31, 2006.  Id. ¶¶ 9-12.⁵

---

³ In particular, Kelley argues that the instant motion should be denied because: (1) there was never a draft or final written settlement agreement entered into between the parties; (2) there was never any proposed language circulated by the parties regarding the terms of a settlement; (3) there was never a stipulation placed on the record regarding a potential settlement agreement; (4) she never authorized any agreement; and (5) the agreement did not address all the material issues between the parties.

⁴ Kelley attests that an agreement on the final settlement amount was contingent upon Crate & Barrel providing her with an accurate sales and inventory accounting, which according to Kelley, never occurred. Id. ¶ 5.

⁵ Kelley attests that on or about April 25, 2007, she discovered that Crate & Barrel was selling products containing her designs.  Decl. of Kelley ¶¶ 11-12.  Kelley further attests

Based on the foregoing, the court concludes that summary enforcement of the alleged settlement agreement is inappropriate. Kelley's declaration raises factual issues as to the existence and scope of the agreement, which cannot be resolved without an evidentiary hearing. In particular, Kelley has raised a factual issue as to whether the parties agreed on all the material terms, i.e., whether there was a meeting of the parties' minds sufficient to form a complete agreement. Additionally, Kelley has raised a factual issue as to whether the parties' intent was to be bound upon the execution of a signed, written agreement.[6]  Finally, Kelley has raised a factual issue as to whether she authorized her attorney to compromise her claim without her express approval of the final terms.

For these reasons, summary enforcement of the alleged settlement agreement is inappropriate. Accordingly, Crate & Barrel's motion to enforce settlement is DENIED.

//

//

//

---

that as of November 27, 2007, Crate & Barrel continued to sell products containing her designs. Id. ¶ 14.

[6] The correspondence between the parties appears to have contemplated that Bertani would draft a written settlement agreement memorializing the terms of the settlement. It is undisputed that no formal agreement was ever drafted or signed by the parties.

11

### III. CONCLUSION

For the reasons stated above, the motion to enforce settlement is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 7th day of January, 2008.

                                          s/RALPH R. BEISTLINE
                                          United States District Judge