IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA S. KELLEY, dba PKELLEY ENTERPRISES, a California Company,<br><br>       Plaintiff,<br><br>   v.<br><br>EUROMARKIET DESIGNS, INC., dba CRATE & BARREL, INC., et al.,<br><br>       Defendants.<br>_____/ | No. Civ. S-07-0232 RRB EFB<br><br>**Memorandum of Opinion<br>       and Order** |

The matter before the court is Patricia Kelley's ("Kelley") motion to amend the Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and request to deem discovery responses non-confidential.  Crate & Barrel Inc. ("Crate & Barrel") opposes the motion.[1]  For the reasons stated below, the court **GRANTS** the motion.

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is

1

## I.

In the instant motion, Kelley seeks a determination that the identity of Crate & Barrel's suppliers is non-confidential information under the protective order so that she can amend the Complaint to add these entities as additional defendants. Crate & Barrel opposes the motion on the ground that the identity of its suppliers is confidential commercial information under the protective that is not subject to disclosure. Additionally, Crate & Barrel opposes the motion on the ground that leave to amend is improper because Kelley seeks to amend the Complaint in bad faith. Finally, Crate & Barrel maintains that, even if the court is inclined to permit Kelley to amend her Complaint to add the supplier entities as additional defendants, these entities cannot be added unless the Complaint is filed under seal because their identities are confidential, sensitive, proprietary business information.

//

//

//

---

neither necessary nor warranted with regard to the instant matter. See <u>Mahon v. Credit Bureau of Placer County, Inc.</u>, 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

**A.    Legal Standards**

   **1. Rule 15(a)**

   "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'  But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

   **2. Rule 26(c)**

   "It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. United States District Court-Northern District, 187 F.3d 1096, 1103 (9th Cir. 1999); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). Rule 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown."[2]  Rule 26(c) confers "broad discretion on

---

[2] Under Rule 26(c), the court, for good cause shown, "may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: . . . (G) that a trade secret or other confidential research, development, or

the trial court to decide when a protective order is appropriate and what degree of protection is required." See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  Moreover, a district court has the power to modify or lift a protective order that it has entered.  Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance.  Specifically, the moving party must make a clear showing of a particular and specific need for the order. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 2003).  If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.  Phillips, 307 F.3d at 1211.

---

commercial information not be revealed or be reveled only in a designated way. . . ."   Fed.R.Civ.P. 26(c).

In the case of trade secrets, the moving party must show (1) that the information is a "trade secret or other confidential research, development, or commercial information," under Rule 26(c)(7);[3] and (2) that its disclosure would be harmful to the party's interest in the property. See Centurion Indus., Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 325 (10th Cir. 1981) (holding that there is no absolute privilege for trade secrets and similar confidential information); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (the party requesting a protective order has the burden to demonstrate that (1) the material in question is a trade secret or other confidential information and that (2) disclosure would cause an identifiable, significant harm). The burden then shifts to the party seeking discovery to show that the information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. Centurion, 665 F.2d at 325-26. Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to

---

[3] The court notes that Rule 26(c) has been renumbered such that Rule 26(c)(7) is now Rule 26(c)(G). The court further notes that the 2007 amendment to the statutory language of Rule 26(c) was stylistic only and was done as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.

competitors against the risk that a protective order will impair prosecution or defense of the claims. <u>Brown Bag Software v. Symantec Corp.</u>, 960 F.2d 1465, 1470 (9th Cir. 1992). The court may order that the trade secret or commercial information not be revealed or be revealed only in a designated way. Fed.R.Civ.P. 26(c)(G).

**B.   Analysis**

In the present case, the stipulated protective order allows a party or non-party to initially determine whether a particular item is confidential without court intervention. As such, the protective order is akin to a blanket protective order, which is "inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." <u>San Jose Mercury News, Inc. v. United States District Court-Northern District</u>, 187 F.3d 1096, 1103 (9th Cir. 1999); <u>Beckman</u>, 966 F.2d at 476.[4]  Therefore, Crate & Barrel bears the burden

---

[4] Here, the stipulated protective order gives the parties and third parties blanket authority to deem information as "confidential" and to file such material under seal. Specifically, the order states that any party or third party may designate as "confidential" any information that it believes embodies confidential research, development, commercial, financial, or personnel information. Stipulated Protective Order at 1-2. The protective order further states that all documents filed with the court containing material designated as "confidential" shall be lodged with the court under seal and not made public, except by written order of the court. Id. at 3-4.

under Rule 26(c) to show good cause as to why the identities of its suppliers should not be disclosed.  Phillips, 307 F.3d at 1210-11, n.1.

In the instant motion, Crate & Barrel argues that the identity of its suppliers is protected proprietary business information because it relies on these entities to maintain a competitive edge and disclosure would enable competitors to take advantage of its experience and relationships with these entities.  Such reasoning is insufficient to satisfy Crate & Barrel's burden to demonstrate good cause as to why the identity of its suppliers should not be disclosed.  Even assuming arguendo that the identity of Crate & Barrel's suppliers is confidential commercial information, Crate & Barrel has failed to set forth the specific prejudice or particularized harm that will result if this information is disclosed, i.e., Crate & Barrel did not articulate a significant identifiable harm that would result if this information is disclosed.  Instead, Crate & Barrel broadly asserts that disclosure of this information would enable competitors to take advantage of its experience and relationship with its suppliers.  However, because broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, does not satisfy Rule 26(c)'s good cause test, the identity of Crate & Barrel's suppliers is not properly

designated as confidential under the protective order.[5] Moreover, because the suppliers' participation in the development and production of the infringing products is relevant and essential to proving Kelly's copyright infringement claims,[6] she is entitled to learn the identities of Crate &

---

[5] To the extent that Crate & Barrel cites several cases for the proposition that the identity of a company's suppliers is confidential commercial information, the court finds these cases unpersuasive. As Kelley correctly points out, none of the cases relied on by Crate & Barrel involved allegations that the suppliers themselves participated in copyright infringement or were potential defendants. As such, these cases are irrelevant because in this action Kelley asserts that Crate & Barrel's suppliers have engaged in contributory and/or vicarious copyright infringement and are therefore proper defendants.

[6] Two doctrines of indirect copyright liability are recognized: contributory copyright infringement and vicarious copyright infringement. Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). "[A] defendant is a contributory infringer if it (1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.'" Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 788, 795 (9th Cir. 2007); see Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (a defendant infringes contributorily by intentionally inducing or encouraging direct infringement); see also Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996) (noting that contributory liability is based in tort law and "stems from the notion that one who directly contributes to another's infringement should be held accountable"). Thus, in order to be contributorily liable for copyright infringement a plaintiff must show that defendant knew or had reason to know of the infringing activity taking place and that defendant materially contributed to the infringing activity. Ellison, 357 F.3d at 1077. A defendant infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it. Grokster, 545 U.S. at 930. Thus, in order to be vicariously liable for copyright infringement, a plaintiff must show that a defendant derived a direct financial benefit

Barrel's suppliers and examine their role in the development and production of the allegedly infringing products.[7]

Accordingly, because Crate & Barrel failed to meet its burden under Rule 26(c) to show good cause as to why the identity of its suppliers should not be disclosed, and because the identity of Crate & Barrel's suppliers is relevant and essential to proving Kelly's copyright infringement claims, Kelley is entitled to amend her Complaint to add these entities as additional defendants.[8]  Crate & Barrel did not overcome Rule 15(a)'s presumption in favor of granting leave to amend by

---

from the infringement and had the right and ability to supervise the infringing activity.  <u>Ellison</u>, 357 F.3d at 1078.  Here, Kelley seeks to amend the Complaint to add the following parties: (1) Mary Ellen Putiganno, the artist who collaborated with the other infringing parties to incorporate Kelley's designs into products sold by Crate & Barrel; and (2) the supplier entities that created and distributed the infringing products containing Kelley's copyrighted designs. Additionally, Kelley seeks to amend the Complaint to add contributory infringement claims against the supplier entities by alleging that these entities knowingly incorporated Kelley's designs into their products and distributed them to Crate & Barrel for sale. Finally, Kelley seeks to amend the Complaint to add vicarious infringement claims against the supplier entities by alleging that these entities directly profited from Crate & Barrel's direct infringement and had the right and ability to supervise the infringing activity.

[7] Crate & Barrel does not dispute that its suppliers participated in the development and production of the allegedly infringing products.

[8] Kelley is also permitted to add Mary Ellen Putiganno as a defendant.  Crate & Barrel did not argue that she is an improper defendant in this action.

demonstrating that amendment: (1) would cause undue prejudice; (2) is sought in bad faith; (3) would produce an undue delay in litigation; or (4) is futile.

For these reasons, it is hereby ordered that leave to amend the Complaint, pursuant to Rule 15(a), is GRANTED.  Kelley is to file an amended complaint within 10-days of service of this order.

## II.

For the reasons stated above, the motion is GRANTED.

**IT IS SO ORDERED.**

ENTERED this 25th day of January, 2008.

                                 s/RALPH R. BEISTLINE
                                 United States District Judge