IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA S. KELLEY d/b/a
PKELLEY ENTERPRISES,

               Plaintiff,                               No. CIV S-07-0232 JAM EFB

      vs.

CRATE & BARREL, INC., et al.,

             Defendants.
_____/

AND RELATED COUNTERCLAIM          ORDER
_____/

      This case was before the undersigned on May 21, 2008, for hearing on defendant Crate & Barrel's motion for sanctions.  Robert M. Milligan appeared as defense counsel and Scott A. Burroughs appeared as plaintiff's counsel.  For the reasons stated below and on the record at the hearing, defendant's motion is denied.  However, the court makes the following order requiring plaintiff to provide a supplemental privilege log and various certifications.

      The parties were previously before the court on defendant's motion to compel more complete responses to various interrogatories and requests for production of documents.  The court granted defendant's motion in part, and ordered plaintiff to provide verified, supplemental responses to interrogatories nos. 14, 16, and 18, and requests for production of documents nos.

1

36, 37, 39, 50, 53, 73, and 74.  The court further ordered plaintiff that, to the extent she did not have documents responsive to these requests in her possession, she was to provide a certification to that effect.  Finally, the court ordered plaintiff "to support any claim of privilege – with respect to these and any other discovery request – with a privilege log that accounts for each withheld document and complies with the requirements of Fed. R. Civ. P. 26(b)(5)."  *See* March 14, 2008, Order.

Defendant has moved for sanctions for plaintiff's purported violations of this order and for alleged misrepresentations in plaintiff's initial disclosures.

First, the court addresses defendant's request for evidentiary sanctions precluding plaintiff from presenting any evidence during the balance of the litigation regarding actual damages and/or income directly attributable to the snowflake designs at issue in this case.

Rule 37(b)(2) provides that a court may issue sanctions for a party's failure to obey a discovery order, which may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2).  Further, Rule 26(g) requires every discovery disclosure and response to be certified by an attorney.  By signing, the attorney certifies that to the best of his knowledge, information and belief, the disclosure or response is complete and correct and not intended for any improper purpose.  *See* Fed. R. Civ. P. 26(g).  Rule 26(g)(3) provides for imposition of sanctions where an attorney makes a certification in violation of the rule "without substantial justification."  *Id.*  Defendant moves for sanctions under both provisions.

Defendant points to plaintiff's initial disclosures served on September 17, 2007.  In those disclosures, plaintiff indicates that she had "[s]ales documents related to the print design(s) at issue."  *See* Exh. B to Motion for Sanctions (doc. no. 81), at 3:10-11.  Despite this disclosure, plaintiff has produced no documents relating to the sale of the designs at issue in this case.  As is made clear in plaintiff's opposition, this is because there are no such documents.  According to plaintiff's counsel, plaintiff derives revenue from advertisements on her website, and not through

2

direct sale of the designs.  Although plaintiff should have provided a certification to this effect, plaintiff has made quite clear that no such documents exist.  The court orders plaintiff to provide a sworn statement – certified by both plaintiff and her counsel – within fifteen days from the date of service of this order, that plaintiff has no documents in her possession, custody or control related to sales of the designs covered by the copyrights at issue in this case.  Such certification renders superfluous defendant's request for an order precluding plaintiff from presenting such evidence at trial.

While plaintiff has indicated that third party vendor, PayPal, may have some documents relating to sales from before 2003, she claims that she does not have these documents in her possession, custody or control.  Plaintiff (and plaintiff's counsel) shall also certify that representation, and defendant is, of course, free to obtain the information from PayPal through a subpoena.  The certification is due within fifteen days from the date of service of this order.

Furthermore, the court finds that plaintiff's initial disclosures were not made in bad faith. At the time of the disclosure, plaintiff was in the process of changing attorneys.  The file shows that current counsel filed a notice of appearance on August 24, 2007, and that they were substituted in as counsel of record on September 19, 2007.  Plaintiff's counsel claims that when he made the disclosure on September 17, 2007, he believed that plaintiff had sales information in her possession, but later learned that she did not.  While plaintiff should have promptly notified defendant of this fact, the court finds that sanctions under Rules 37 or 26 are not justified under present circumstances, and finds the above-ordered certification to be the appropriate remedy.

Next, defendant asks the court to order plaintiff to provide more complete responses to interrogatory no. 18 and request for production no. 50.  Interrogatory no. 18 calls for information related to plaintiff's involvement with "any legal or administrative action (including but not limited to, all civil, administrative and criminal actions) other than this case . . . ."  *See* Exh. C to Motion for Sanctions (doc. no. 81), at 5:1-8.  At the last hearing, the court found this interrogatory to be overbroad, and the parties agreed that it should be limited to any lawsuits

1    involving the works at issue in this lawsuit, including plaintiff's snowflake designs.  Plaintiff

2    provided a supplemental response to the interrogatory, indicating that there was no information

3    responsive to this interrogatory.  *See id.*, at 5:17-19.  It is unclear whether or not plaintiff verified

4    this response, and the court orders plaintiff (and plaintiff's counsel) to provide a certification to

5    within fifteen days from the date of service of this order.

6         With respect to document request no. 50, defendant argues that plaintiff has made

7    misrepresentations about the documents in her possession, and only produced documents

8    responsive to this request after the present motion was filed.   Request for production no. 50

9    provides:

10              Produce *all* documents *reflecting or relating in any way to any*
                *action taken by You* to enforce Your alleged copyrights against any
11              third parties, and the damages sought or obtained by You.

12   *See* Declaration of Robert B. Milligan in Support of Defendant Crate & Barrel's Reply, Exh. C

13   thereto, at 25:12-15 (emphasis added).

14        Although plaintiff indicated in her initial disclosures that she had in her possession

15   various "[c]ease and desist letters sent to various defendants providing notice" regarding

16   infringement of plaintiff's intellectual property rights, plaintiff did not produce any cease and

17   desist letters until May 12, 2008.[1]  *See* Exh. B to Motion for Sanctions (doc. no. 81), at 3:12-14;

18   Declaration of Bart A. Lazar in Support of Defendant Crate & Barrel's Reply, ¶ 10; Exh. C

19   thereto.

20        While plaintiff should have turned this information over as part of her initial disclosures,

21   *see* Fed. R. Civ. P. 26(a)(1)(A)(ii), plaintiff has since disclosed the letters.

22         Although it is unclear, it seems that plaintiff's counsel misunderstood the scope of this

23   request.  At the hearing and in the opposition, plaintiff seemed to argue that the only designs at

24   issue in this case are plaintiff's snowflake designs, and that her other copyrighted designs are

25

26        [1]  The plaintiff's initial disclosures were produced on September 17, 2007, and plaintiff
     has never explained the reasons for this delay.

                                                    4

irrelevant to the dispute.  However, plaintiff also indicated at the hearing that the registered copyright that is the subject of this lawsuit is in fact a series copyright covering a number of designs in addition to the snowflake designs.[2]  Thus, contrary to plaintiff's assertions at the hearing, the other designs are "relevant" within the meaning of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26 (b)(1).  Accordingly, the court orders plaintiff to provide *all* documents relating to her efforts to enforce her copyrights, including cease and desist letters related to *all* designs covered by the series copyright at issue in this case and any responses to such cease and desist letters.  Failure to provide such additional documents within fifteen days, together with a certification that all responsive documents have been produced, will result in monetary and other sanctions.

Finally, the court addresses defendant's request to find a waiver as to the attorney client privilege in light of plaintiff's numerous boilerplate assertions of the privilege and her woefully inadequate privilege log.

While the court agrees that plaintiff's privilege log fails to comply with Fed. R. Civ. P. 26(b)(5), the court does not find that the present circumstances warrant a finding of waiver.  *See Burlington Northern & Santa Fe Rwy. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (determination of waiver in the context of a late or inadequate privilege log should reflect a "holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process").

////

---

[2]  Upon further questioning at the hearing as to whether all such cease and desist letters and related documents had been produced, plaintiff's counsel indicated that he thought that they had been.  However, he also indicated that he did not believe responses to the cease and desist letters were called for by the request.  The request calls for "*all* documents *reflecting or relating in any way to any action taken by You* to enforce" the copyrights.  *See* Exh. D to Motion for Sanctions (doc. no. 81) (emphasis added).  This clearly covers responses to cease and desist letters.  The court admonishes plaintiff and her counsel that parsing discovery requests in this way simply wastes the client's money and the court's time.  Meritless withholding of appropriate discovery responses will result in sanctions, and if it is persistent, may even lead to a recommendation that her pleadings be stricken or the case dismissed.

1    However, as noted, plaintiff's privilege log does not comply with Fed. R. Civ. P.

2    26(b)(5).  It fails to give opposing counsel or the court sufficient information to test and

3    determine the validity of the assertion of privilege.  As discussed at the hearing, plaintiff's

4    counsel indicated that his only true objection on the basis of attorney client privilege is with

5    respect to request for production no. 53.  Request no. 53 calls for:

6              all documents evidencing, referring to, supporting or relating to
               any opinion review, analysis of advice involving the validity,
7              authorship, ownership, right to use, damages, inadequacy of
               damages, and damages theory.

8

9    *See* Exh. D to Motion for Sanctions (doc. no. 81), at 6:10-13.

10   While this request does seem to call for much information covered by the attorney client

11   privilege, defendant argues that it is relevant to defendant's counterclaim for breach of the

12   settlement agreement.  When the district judge denied defendant's motion to enforce the

13   settlement agreement on January 8, 2008, it was due, in part, to plaintiff's sworn declaration that

14   her previous attorney lacked authority to compromise her claim.  *See* January 8, 2008,

15   Memorandum Opinion and Order, at 9:21-10:17.  While defendant's request for waiver in the

16   present motion is based solely on the inadequacy of the privilege log, waiver in the context of

17   settlement discussions is another matter altogether.[3]  However, the court does not address or

18   decide that issue here.

19   Because the request does call for potentially relevant information, the court will again

20   order plaintiff to respond to the request and to provide a privilege log that complies with Fed. R.

21   Civ. P. 26(b)(5).  That is, for each document withheld on the basis of privilege, plaintiff shall

22

23   _____

     [3]  Indeed, the court cautioned plaintiff's counsel at the hearing that he may need to
     reevaluate his belief, expressed at the hearing, that no attorney client privileged document "could
24   ever possibly be admitted into evidence" in this case.  *See, e.g., Hamilton v. Willms*, No. 02-cv-
     6583 AWI SMS, 2007 U.S. Dist. LEXIS 67486, at * 20-21 (E.D. Cal. Aug. 30, 2007) (where
25   plaintiff opposed motion to enforce settlement agreement by placing in issue whether his
     attorney had his client's consent to enter into the agreement, plaintiff waived any privilege
26   regarding issues pertaining to the agreement) (citing *Bittaker v. Woodford*, 331 F.3d 715, 718
     (9th Cir. 2003)).

provide sufficient information (e.g., date of document's creation, author of document, recipient, type of document, etc.) so that opposing counsel and the court can test the privilege.  Further, in accordance with the parties' representations at the hearing, the court orders plaintiff to provide a certification that he withdraws all boilerplate assertions of attorney client privilege apart from those asserted in response to request for production no. 53.  The log and certification shall be due within fifteen days from the date of service of this order.  Failure to comply with this order will result in a finding that the privilege has been waived with respect to this request, and will result in additional sanctions.

Finally, the court denies both parties' requests for monetary sanctions in connection with this motion.  *See* Fed. R. Civ. P. 37(a)(5) (where motion is granted in part and denied in part, the court *may* apportion the reasonable expenses for the motion).  Although the court grants plaintiff some of the relief sought in the motion, it denies the request for both evidentiary and monetary sanctions.  Because much of this dispute should have been resolved through meet and confer efforts, the court declines to award sanctions at this time.

SO ORDERED.

Dated:  May 27, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE